I,WRIT DENIED.
Applicant, Rickey L. McBroom, seeks review of a judgment denying his application for post-conviction relief as untimely. In arguing that his application is timely, McBroom relies on the United States Supreme Court’s decisions in Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and Trevino v. Thaler, — U.S. —, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013). McBroom’s reliance on these cases is misplaced.
Martinez held that “a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.” This Court is not a federal habeas court. Thus, Martinez has no application in this Court and does not lift the Louisiana procedural bar on untimely-filed post-conviction relief applications; it does not provide a “theretofore unknown interpretation of constitutional law” under La. C. Cr. P. art. 930.8(A)(2) that would give McBroom a right to proceed under Louisiana law despite filing outside the statutory time limitation for post-conviction relief.
| -/Trevino, supra, does . not expand the application of Martinez beyond federal habeas courts to Louisiana state courts. While Martinez arose under Arizona law which did not allow a defendant to raise an ineffective assistance claim on direct appeal, Trevino arose under Texas law which permitted such a claim to be raised on direct appeal. However, because the Trevino court found that the Texas procedural framework made it highly unlikely that a *60 defendant would have a meaningful opportunity to raise an ineffective assistance claim on direct appeal, the court applied the exception recognized in Martinez. Thus, Trevino expanded the application of the Martinez exception in federal habeas courts, but it did not create an exception under Louisiana law that would excuse the untimeliness of McBroom’s post-conviction relief application filed in a Louisiana state court. Accordingly, the instant application is untimely and is hereby denied.